2 Dec.
251    HOMESTEAD EXEMPTION—EVIDENCE.

[Hamilton County Circuit Court, January, 1895.]

THE LOUIS VOIGHT SONS' CO. v. JOSEPHINE LAFKIN.

1. WHEN A MARRIED PERSON IS NOT ENTITLED TO HOMESTEAD EXEMPTION.

In an action brought by a married woman to recover $500 in lieu of a homestead, under the provisions of section 5441 of the Revised Statutes of Ohio, it will not be presumed that she is entitled to such exemption in the absence of evidence showing that she and her husband are living together, and that neither of them is the owner of a homestead.

2. COMPETENCY OF BOOK ENTRIES TO PROVE DISSOLUTION OF PARTNERSHIP, WHERE SUCH ENTRIES WERE MADE SUBSEQUENT TO ALLEGED DISSOLUTION.

Book entries made by a member of a partnership after the alleged dissolution thereof are not competent as evidence for the purpose of tending to prove the fact of such dissolution.

HEARD on error to Hamilton common pleas.

SMITH, J.

In this case it is urged that the court erred in overruling the motion made at the close of the testimony offered in chief by plaintiff below, the defendant in

error here, to withdraw the evidence from the jury and have it render a verdict for the defendant—in overruling the motion for a new trial, and in admitting certain evidence.

The action was one brought by Mrs. Lafkin against the sheriff to recover the possession of personal property levied on by him, by virtue of an execution issued on a judgment rendered in favor of the plaintiffs in error against E. B. Lafkin & Co., a partnership, and which was levied on property which, at one time, had belonged to the partnership. It was an action of replevin, but, as bond was not given by the plaintiff, it stood as an action for damages. The plaintiff in error was substituted as defendant in lieu of the sheriff, and filed an answer denying any right of the plaintiff to the property.

On the trial it was admitted that while the property was in the hands of the sheriff, the plaintiff, the wife of E. B. Lafkin, one of the members of the firm of E. B. Lafkin & Co., had filed an affidavit, pursuant to the statute in such case made and provided, with the sheriff of Hamilton county, and had demanded that he set off to her, in lieu of her homestead exemption, said goods so levied on, or so much thereof as would amount to $500. This was refused, and the property was sold and the proceeds paid to the plaintiff in error.

It further appeared that some time prior to the levy on these goods an arrangement had been made between the two members of the firm of Lafkin & Co. looking to a dissolution thereof, and that one of the two members withdrew, turning over to Lafkin the goods and assets of the partnership and all of his interest therein, on the agreement of Lafkin to pay to him $150, and to pay the debts of the partnership, but the fact appeared that he had paid no part of either.

This dissolution of the partnership seems to have been made in good faith, and under the decision in the case of *Malloy* v. *Flanagan*, 38 O. S., 401, we are of the opinion that the effect of what was done was to dissolve this partnership, and vest the title to the assets thereof in Lafkin, though he had not made the payments as agreed upon. This being so, according to the provisions of section 5441, husband and wife living together, and not the owner of a homestead, were entitled to hold exempt from execution, real or personal property, to be selected by such person, or one of them, before the sale of property levied on, not exceeding in value $500, to be set off in lieu of a homestead.

If, therefore, Lafkin and his wife were living together, and neither of them was the owner of a homestead, either would have been entitled to an exemption of $500 from this property if they had no other. But the difficulty is that these facts are not shown in this case to entitle the wife to the exemption, and we cannot presume that she was so entitled in the absence of evidence. The court then should have granted the motion to take the evidence from the jury for this reason, and have granted the motion for a new trial. In our judgment, too, the trial court erred in allowing the plaintiff below to introduce in the evidence entries made in his book by him after the dissolution of the partnership, tending to show that the partnership had been dissolved, as he claimed. There was nothing to show that the other partner had any knowledge of such entries or in any way consented to them. It was the admission of a written statement made by the plaintiff after the event, to substantiate his own evidence on the point. He could not have proved his oral statement made afterwards, and we see no reason for a different rule as to a written statement. The judgment will be reversed and the cause remanded for a new trial.

*Cobb & Howard*, for Plaintiff in Error.

*Carr & Speiser, contra.*